### In re MILLS TEA & BUTTER CO.

(District Court, D. Massachusetts. September 6, 1916.)

#### No. 23020.

1. BANKRUPTCY ⬡228—FEES OF REFEREE—MODE OF QUESTIONING.

An objection to a referee's statement of his own fees in a composition case should be raised by review proceedings on the referee's report; but, suggestion having been made that an officer of court has charged fees on an erroneous basis, the question should be disposed of, though not properly raised.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 387; Dec. Dig. ⬡228.]

2. BANKRUPTCY ⬡223—REFEREES—OFFICE OF—COMPUTATION.

In a composition case, where the creditors were offered an option of 25 per cent. cash, or 100 per cent. in the stock at par in a new corporation formed to take over the bankrupt's business, the referee, though a number of the creditors elected to accept the cash, in computing his commissions figured the stock as worth par. There was no evidence of the value of the stock. *Held,* that the offer of 25 per cent. cash, and 100 per cent. in stock must be considered as equivalents, so that the referee's commissions must be computed as if only 25 per cent. in cash had been paid.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 888–894; Dec. Dig. ⬡223.]

In Bankruptcy. In the matter of the bankruptcy of the Mills Tea & Butter Company. Motion for revision of referee's statement of his fees. Referee's fees ordered computed on different basis, with leave if desired to set down the matter for hearing.

See, also, 235 Fed. 812, 813.

Edmund A. Whitman, of Boston, Mass., for bankrupt.
James M. Olmstead, of Boston, Mass., referee, pro se.

MORTON, District Judge. [1] This is a motion having for its object to secure a revision of the referee's statement of his own fees in a composition case. The objection should have been raised by review

proceedings on the referee's report, as was done in this case, with respect to the fees of the receiver; but, the suggestion having been made to the court that its officer has charged fees on an erroneous basis, the matter ought not, in view of the previous uncertainty as to the proper practice, to be dismissed without examination because informally presented. See In re West (D. C.) 232 Fed. 903.

[2] The creditors were offered an option of 25 per cent. cash, or 100 per cent. in the stock at par of a new corporation formed to take over the assets and business of the bankrupt. The learned referee, in computing his commissions, figured the stock as worth par. No evidence was offered as to what its value really was. A substantial proportion of the creditors, viz. about one-half in number and one-quarter in amount, elected to take the cash instead of the stock, which would indicate that the alternatives offered were nearly equivalent. It may be doubted whether there is any presumption that stock in a new corporation is actually worth par. Certainly such a presumption would be much weaker than in the case of promissory notes which are absolute and certain obligations to pay money. Nevertheless in Re Batterman Co., 231 Fed. 699, —— C. C. A. —— (C. C. A. 2d Cir.), to which the learned referee has called my attention, where the bankrupt offered in composition 65 per cent. cash, and the creditors were given an option to take in lieu thereof 15 per cent. cash and 85 per cent. in the notes of another corporation, it was held by the Court of Appeals that the 15 per cent. cash and 85 per cent. notes was to be regarded as the equivalent of the 65 per cent. cash, and that the referee's commissions were to be computed as if 65 per cent. in cash had been paid.

It seems to me that the principle of that decision applies here. Upon the case as it stands, the 25 per cent. cash, and the 100 per cent. stock, are to be regarded as equivalents. The referee's commissions are to be computed on the basis of a 25 per cent. cash disbursement, unless he has reason to believe that the stock is worth more than the cash, and desires to present evidence on that point, in which case the matter may be set down for hearing before me.